BEADLESTON *v.* BEADLESTON.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

WITNESS—EXAMINATION UNDER OPEN COMMISSION—WHEN ALLOWED.

An open commission to take the testimony of witnesses is properly refused where the witnesses have already been examined under a commission, with interrogatories, and the only object sought is to examine them further as to facts to which their attention has been directed, and to obtain certain books; there being nothing to prevent a further examination under a commission, with interrogatories.

Appeal from special term, New York county.

This is an appeal from an order denying a motion made on behalf of the defendant in the foregoing action, (*ante,* 809,) for an open commission to take the testimony of witnesses in the city of Boston.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Eugene D. Hawkins,* for appellant. *Samuel Untermeyer,* for respondent.

DANIELS, J. The witnesses, whom it was proposed should be examined under the open commission applied for, had already been examined at large, and their testimony obtained under a commission accompanied with written direct and cross interrogatories. The defendant's counsel desired to examine them further relating to facts to which their attention had been directed, and to obtain books deemed to be essential as part of the proof desired to be made. But no good reason was assigned why an open commission should be issued. If the examination of the witnesses was in any respect defective, the more proper course would have been to obtain another commission, with interrogatories, directed to the object of supplying the defect in the evidence of the witnesses. No practical difficulty stood in the way of making this additional examination, and, if the books desired could be obtained, of securing their presence before the commissioner; and the motion should be, as it was, denied by the court. So much of the order, therefore, as disposed of this motion, should be affirmed, but without costs to either of the parties.

VAN BRUNT, P. J., and BARTLETT, J. concur.